IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1304 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| COURT OF COMMON PLEAS OF | ) | |
| BUTLER COUNTY PA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM

### I. Background

On October 10, 2017, Plaintiff filed a Complaint under the pseudonym "Jane Doe" against Defendants the Court of Common Pleas of Butler County, PA, Thomas Doerr, Thomas Holman, and Douglas Ritson. (Doc. 1). In the Complaint, Plaintiff alleges that a Pennsylvania state judge offered her a position as a probation officer in his court in exchange for an ongoing sexual relationship, and that she was subjected to harassment and hostility after she opted to end the arrangement. (Id.). Plaintiff now seeks leave to proceed under a pseudonym, arguing that disclosure of her true identity would expose her and her family to unwanted media attention and potential violence by the parolees whom she supervises. (Doc. 8). Further, Plaintiff argues that there are no countervailing societal interests at play in this case which would favor disclosure of her identity. (Id.). For the reasons discussed below, the Court will deny Plaintiff's motion.

## II. Discussion

As a general matter, Rule 10 of the Federal Rules of Civil Procedure provides that: "[t]he title of the complaint must name all the parties. . . ." Fed. R. Civ. P. 10. Rule 10 embodies a principle which is central to our system of justice, a presumption in favor of transparency. As the United States Court of Appeals for the Third Circuit has aptly observed:

> "[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." Daubney v. Cooper, 109 Eng. Rep. 438, 441 (K.B. 1829); Nixon v. Warner Cmmc'ns, Inc., 435 U.S. 589, 598–99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Rule 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings. Fed.R.Civ.P. 10(a); Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992). Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates "the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." Blue Cross, 112 F.3d at 872; Fed.R.Civ.P. 10(a). And, defendants have a right to confront their accusers. See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979). A plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000).

Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011).

Consistent with these guiding principles, decisions regarding whether to allow a party to proceed under a pseudonym are consigned to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Megless, 654 F.3d at 407. In exercising this discretion, courts consider an array of competing factors:

The factors in favor of anonymity include[ ]:

"(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to

pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

On the other side of the scale, factors disfavoring anonymity include[ ]:

"(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

Megless, 654 F.3d at 409.

Applying these factors in the instant case, the Court is constrained to find that Plaintiff has not overcome the strong presumption against allowing parties to use a pseudonym. First, the Court notes that Plaintiff is not a minor. "Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym." See Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) (citations omitted).

Nevertheless, Plaintiff argues that anonymity is necessary to protect her from unwanted media attention and a potentially negative public response to the allegations in the Complaint. (Doc. 8 at ¶ 3 ("The subject matter of the litigation in combination with the detailed allegations in the Complaint have created much unwanted interest in the Plaintiff."); id. at ¶ 11 ("Despite Plaintiff's silence, there have been multiple news stories associated with this litigation, which have resulted in unsolicited commentary within the community."); id. at ¶ 21 ("Doe is afraid that if her identity becomes public, she would face significant ostracism . . .")). The Court is sympathetic to Plaintiff's concerns, and understands that, unfortunately, victims of sexual harassment and assault often face ridicule and further harassment when they file lawsuits or otherwise publicly disclose their allegations, especially in the internet age. However, these

concerns, while certainly reasonable, are not sufficient to outweigh the public's right to access court proceedings.

Notably, the Court deals with cases alleging sexual harassment and assault on a regular basis. In the vast majority of these cases, the plaintiffs file the lawsuit under their own names. Finding that these types of allegations are a valid reason to permit a plaintiff to proceed with a pseudonym would open up the Court to requests for anonymity each time a plaintiff makes allegations of sexual harassment or assault. Indeed, many courts faced with such requests have concluded that plaintiffs alleging sexual harassment or assault are not entitled to proceed anonymously. See Rose v. Beaumont Indep. Sch. Dist., 240 F.R.D. 264, 267 (E.D. Tex. 2007) (student who sued school district claiming she was forced to engage in oral sex with male athletes was required to proceed under her real name); Doe v. Shakur, 164 F.R.D. 359, 361–362 (S.D.N.Y. 1996) (victim of sexual assault was not allowed to prosecute civil suit for compensative and punitive damages using a pseudonym); Doe v. Bell Atl. Bus. Sys. Servs., Inc., 162 F.R.D. 418, 422 (D. Mass. 1995) (in sexual harassment case against employer and supervisor, plaintiff was not permitted to proceed under a pseudonym, notwithstanding fears of "intense embarrassment and shame within her community"); Doe v. Univ. of R.I., 1993 WL 667341, at *3 (D. R.I. Dec. 28, 1993) (student who was sexually assaulted allegedly as a result of university's negligence was not permitted to proceed under a pseudonym, despite claims of danger, embarrassment and ridicule).

Furthermore, Jane Doe is not the only party exposed to public humiliation. "[T]he mere filing of a civil lawsuit can have significant effects on a defendant." Doe v. Indiana Black Expo, Inc., 923 F. Supp. 137, 141 (S.D. Ind. 1996). Public claims in a civil lawsuit can "cast a shadow over the defendant's reputation," leading to adverse publicity and the forced disclosure of certain

information that defendants might prefer to keep private. See id. Because "the mere filing of a civil action against . . . private parties may cause damage to their good names and reputation," "[b]asic fairness" generally dictates that plaintiffs who publicly accuse defendants in civil suits "must [sue] under their real names." Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979). If Plaintiff were permitted to proceed anonymously, Defendants "would be placed at a serious disadvantage, for [they] would be required to defend [themselves] publicly while plaintiff could make her accusations from behind "a cloak of anonymity." Shakur, 164 F.R.D. at 361.

Additionally, Plaintiff has not articulated a reasonable basis to believe that her safety will be jeopardized if her identity is disclosed. Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981) ("The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity. But the threats of violence generated by this case, in conjunction with the other factors weighing in favor of maintaining the Does' anonymity, tip the balance against the customary practice of judicial openness."). Plaintiff argues that her employment as a probation officer places her at a heightened risk of violence, since she "interact[s] with and supervise[s] individuals who have a history of violence, including domestic violation, or who have either pled or been found guilty of violence offenses and sex offenses." (Doc. 8 ¶ 6). However, the Court finds no basis to conclude that the parolees whom Plaintiff supervises would be more likely to assault—or, in fact, to be any more hostile to—Plaintiff upon learning the allegations in the Complaint. In other words, Plaintiff has already assumed the risk that she will interact with individuals with a history of violence by choosing to work as a probation officer, and the Court does not see why that risk would rise if her allegations become public. If anything, "any retaliation is more likely to come from the defendant[s], who already know [plaintiff's]

5

identit[y], than from the community at large, and, therefore, fear of reprisals does not provide a basis for anonymity in this instance." Rose, 240 F.R.D. at 268.

Finally, the Court disagrees with Plaintiff that there are no countervailing public interests favoring transparency. Quite the contrary, the Court finds that Plaintiff's claims present issues of paramount public interest relating to the conduct of judicial officers. These important public interests mitigate in favor of full disclosure and transparency.

Taking all of these considerations into account, the Court finds that Plaintiff has not overcome the strong presumption against allowing parties to use a pseudonym. The harm that Plaintiff fears is precisely the same harm that most plaintiffs alleging acts of sexual abuse and harassment face, and yet there is no tradition of permitting those similarly-situated plaintiffs to litigate anonymously. Again, while the Court is sympathetic to Plaintiff's position, it finds that her concerns are not so extraordinary as to outweigh the inherent public interest in transparent judicial proceedings.

Accordingly, the motion to proceed anonymously (Doc. 8) is hereby DENIED. Plaintiff is directed to file an amended Complaint on or before November 8, 2017 to reflect her true identity.

    IT IS SO ORDERED.

November 3, 2017                                                        s/Cathy Bissoon
                                                                                Cathy Bissoon
                                                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record