IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL STARNES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1304 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| COURT OF COMMON PLEAS OF | ) | |
| BUTLER COUNTY PA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO STRIKE

Defendant Thomas Doerr ("Defendant" or "Doerr") has moved to strike Paragraphs 13-17, 21-27, 34, 84, 85, 87, 90, and 91 of the Second Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 27). The averments in question concern allegations related to a sexual relationship between Doerr and Plaintiff that began in December 2004. Defendant contends that these averments are untrue, impertinent to Plaintiff's claims and scandalous in nature.

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Courts have "'considerable discretion in disposing of a motion to strike under Rule 12(f).'" Cottillion v. United Ref. Co., 2014 WL 1207527, at *3 (W.D. Pa. Mar. 24, 2014) (quoting Dela Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007)). As a general matter, however, motions to strike are disfavored, United States v. 0.28 Acre of Land, More or Less, Situate in Washington Cty., Penn., 2009 WL 4408194, at *2 (W.D. Pa. Nov. 25, 2009) (citation omitted), and should be granted "only when 'the allegations have no possible

relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" Allied Dental Grp., Ltd. v. State Farm Fire & Cas. Co., 2013 WL 5436948, at *3 (W.D. Pa. Sept. 27, 2013) (quoting Medevac MidAtlantic v. Keystone Mercy Health Plan, 817 F. Supp. 2d 515, 520 (E.D. Pa. 2011)). "Indeed, striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly." Spiess v. Pocono Mountain Reg'l Police Dep't, 2011 WL 662977, at *1 (M.D. Pa. Feb. 14, 2011) (citation and internal quotation marks omitted).

In light of the generally disfavored status of motions to strike, Defendant's motion to strike will be denied. The Court finds that the challenged averments are arguably relevant to, among other things, Plaintiff's claim that her interactions with Doerr after ending their sexual relationship created a hostile work environment and violated her First Amendment right to free association. To the extent the challenged allegations are potentially prejudicial and/or likely to confuse a fact-finder, the Court will have the ability to address these concerns through appropriate pretrial orders and/or careful jury selection, if the action proceeds to that stage.

IT IS SO ORDERED.

February 8, 2018                            s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record