# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL STARNES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-1304 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| COURT OF COMMON PLEAS ) | |
| OF BUTLER COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Thomas Doerr's ("Judge Doerr's" or "Defendant Doerr's") Motion to Dismiss the Third Amended Complaint of Plaintiff Crystal Starnes ("Ms. Starnes" or "Plaintiff") (Doc. 49). For the following reasons, Defendant Doerr's Motion to Dismiss is **DENIED**. Plaintiff's Third Amended Complaint (hereinafter "TAC," Doc. 44) sufficiently alleges Defendant Doerr participated in discrete discriminatory acts to allow Plaintiff's Fourteenth Amendment sex discrimination claim to proceed.

**BACKGROUND**

As this Court previously performed a detailed summary of the facts in its Memorandum and Order addressing Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint (Doc. 42), it will not repeat such summary here. On July 26, 2018, this Court denied all grounds for dismissal offered by Defendants, but one.[1] (Doc. 42.) Plaintiff's Fourteenth Amendment sex discrimination claim was dismissed without prejudice, and she was granted leave to amend her

---

[1] Plaintiff withdrew her procedural due process claim under the Fourteenth Amendment. (Doc. 42 at 15.)

1

Complaint with allegations that Defendant Doerr participated in discrete acts of discrimination within the two-year statute of limitations. (Id. at 12, 21.) After Plaintiff filed her TAC, and Defendant Doerr again moved to dismiss. (Doc. 49.)

**ANALYSIS**

As a preliminary matter, the Court agrees with Plaintiff that the majority of Defendant Doerr's Brief in Support of his Motion to Dismiss (Doc. 50) addresses arguments previously made to—and rejected by—this Court. (See Doc. 42.)[2] Plaintiff was given narrow leave to amend her allegations with additional facts demonstrating that Defendant Doerr performed discrete discriminatory acts during the limitations period, and she did so. (See generally TAC ¶¶ 58, 61, 63 and 105.) Defendant Doerr's arguments in support of his Motion were properly directed only to those issues raised by Plaintiff's amendments.

After careful review, the Court finds that Plaintiff's TAC states a claim for sex discrimination based on Defendant Doerr's discrete acts. Specifically, Plaintiff's TAC alleges that, during the limitations period and because of Plaintiff's prior relationship with Defendant Doerr:

---

[2] Defendant seems to misunderstand the Court's Order, which denied Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint. In particular, Defendant Doerr's Motion to Dismiss first states that the Court "recognized" that Plaintiff did not allege a First Amendment right to maintain a relationship with her husband free from interference by Defendant Doerr. (Doc. 50 at 7.) The Court came to the opposite conclusion and held Plaintiff stated a claim on these grounds. Second, and troublingly, Defendant Doerr's renewed immunity arguments related to Plaintiff's hostile work environment claim appear to take the position that because the Third Circuit is split on whether sexual assault constitutes a discrete act or whether it can be aggregated under a continuous violations theory, it is not "clearly established" that Judge Doerr was on notice that sexually assaulting a female subordinate is a constitutional violation (Doc. 50 at 4). Defendant Doerr's argument is improperly raised and legally unsound. It has been settled law since 1979 that the sexual assault can form the basis of a hostile work environment claim. Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1979) ("Respondent's allegations in this case—which include not only pervasive harassment but also criminal conduct of a most serious nature—are plainly sufficient to state a claim for 'hostile environment' sexual harassment.").

2

- Defendant Doerr denied Plaintiff opportunities available to male probation officers, including placing limitations and restrictions place on when and how Plaintiff could conduct field visits (TAC ¶¶ 56–59);

- Defendant Doerr, using both his capacity as a decision-maker and his influence on other decision-makers, deprived Plaintiff of the ability to work as a standby and/or on-call probation officer (TAC ¶¶ 61–63); and

- As a result of these acts by Defendant Doerr, "Plaintiff lost the opportunity to acquire overtime and comp time" (TAC ¶ 105).

These amendments make clear that Plaintiff alleges she suffered adverse employment actions and that Defendant Doerr was responsible for those adverse employment actions. No more is required at this stage. Boykins v. Ambridge Area School Dist., 621 F.2d 75, 80 (3d Cir. 1980) (stating § 1983 complaint must allege the conduct which violated a civil right, the time and place of the conduct, and the official responsible); see also Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990) (advising liability for sex discrimination under § 1983 may be imposed where plaintiff alleges either "allegations of personal direction" or "direct discrimination" by a supervisor). Therefore, the Court will deny Defendant Doerr's Motion to Dismiss.

\* \* \*

Accordingly, Defendant Doerr's Motion to Dismiss (Doc. 49) is **DENIED**. Pursuant to the Stipulation at Doc. 48 and Federal Rule of Civil Procedure 12(a)(4), all Defendants in this action must Answer within 14 days of this Order.

October 4, 2018                                                      s\Cathy Bissoon
                                                                               Cathy Bissoon
                                                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record