**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRYSTAL STARNES | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO.  17-CV-01304 |
| v. | : | |
| | : | |
| COURT OF COMMON PLEAS OF | : | |
| BUTLER COUNTY, 50th JUDICIAL | : | |
| DISTRICT; THOMAS DOERR, individually; | : | |
| and THOMAS HOLMAN, individually, | : | |
| | : | |
| | : | |
| *Defendants* | : | |

**ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**
**SUBMITTED ON BEHALF OF DEFENDANTS COURT OF COMMON PLEAS OF**
**BUTLER COUNTY AND TOM HOLMAN**

**AND NOW** come Defendants Court of Common Pleas of Butler County and Tom Holman

(referred to herein collectively as "Defendants"), by undersigned counsel, who submit the

following Answer to Plaintiff's Fourth Amended Complaint.  (Inasmuch as Defendant Thomas

Doerr is separately represented, this Answer does not speak for him.)

**First Defense**

Each of the numbered paragraphs in this First Defense is the answer of Defendants to the

same numbered paragraphs in Plaintiff's Fourth Amended Complaint.

1.      The averments of this paragraph are conclusions of law requiring no response.

2.      The averments of this paragraph are admitted.

3.      The averments of this paragraph are admitted.

4.      No response is required to the averments of this paragraph as they are not directed

to Defendants.

5.      No response is required to the averments of this paragraph as they are not directed to Defendants.

6.      No response is required to the averments of this paragraph as they are not directed to Defendants.

7.      Admitted in part; denied in part.  Defendant Holman is not currently employed by as Deputy Court Administrator.  It is admitted that Defendant Holman was formerly the Deputy Court Administrator of the Court of Common Pleas of Butler County and he had supervisory authority over the Probation Office and the Domestic Relations Office.  The other averments of this paragraph are conclusions of law requiring no response.

8.      The averments of this paragraph are conclusions of law requiring no response.

9.      Admitted in part; denied in part.  Plaintiff was formerly employed by the Court of Common Pleas of Butler County in, and was subject to the supervision of, the Domestic Relations Office.  It is admitted that her former title was Adult Probation Officer.  It is admitted she began employment with the Court starting in 2005.

10-17.  No response is required to the averments of these paragraphs as they are not directed to Defendants.

18.      After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of conversations in this time frame between Michael Noyes and Defendant Judge Doerr, who is separately represented.  Therefore, these averments are denied.  The remaining averments of this paragraph are not directed to Defendants.

19.      It is admitted that Plaintiff was hired as a probation officer in August 2005.  No response is required to other averments of this paragraph as they are not directed to Defendants.

20-26.  No response is required to the averments of these paragraphs as they are not directed to Defendants.

27.     It is denied there was widespread sharing of pornography among court employees. No response is required to other averments of this paragraph as they are not directed to Defendants.

28.     No response is required to the averments of this paragraph as they are not directed to Defendants.

29.     It is denied that the Court's leadership, including specifically Tom Holman, had any antipathy or resentment toward Plaintiff.  As to the other averments of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

30.     The averments of this paragraph are denied.

31.     No response is required to the averments of this paragraph as they are not directed to responding defendants.

32.     No response is required to the averments of this paragraph as they are not directed to responding defendants.

33.     It is denied that tensions emanating from Judge Doerr contributed to problems Plaintiff faced in the workplace.  No response is required to other averments of this paragraph as they are not directed to Defendants.

34.     It is admitted that Plaintiff's current husband worked in the Probation Office for more than 20 years prior to marrying Plaintiff and that he retired after an extended paid leave. The other averments of this paragraph are denied.

35.     After reasonable investigation, Defendants are without sufficient knowledge and

information to form a belief as to the truth or falsity of Plaintiff's allegations regarding medical complications that may have occurred during her pregnancy.  Therefore, these averments are denied.  It is admitted that Plaintiff was reassigned from probation re-entry cases to a general caseload.  Any other averments in this paragraph are denied.

36.     It is denied that Plaintiff's reassignment was punitive or that she was told by Court Administration that her reassignment was due to judges' displeasure over the use of a standardized order.  No response is required to other averments of this paragraph as they are not directed to Defendants.

37.     It is admitted that Plaintiff was informed that she was moving to Juvenile Probation as a placement officer.  It is denied that the placement officer position was a newly created position.  It is admitted that Judge Doerr handled juvenile cases at this time.  The remaining averments of this paragraph are denied.

38.     After reasonable investigation, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the other averments in this paragraph. Therefore, those averments are denied.

39.     After reasonable investigation, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the other averments in this paragraph regarding the health of her child.  Therefore, those averments are denied.  No response is required to other averments of this paragraph as they are not directed to Defendants.

40.     No response is required to the averments of this paragraph as they are not directed to Defendants.

41.     To the extent the averments in this paragraph refer to Defendants, those averments are denied.  No response is required to other averments of this paragraph as they are

not directed to Defendants.

42.     It is admitted that Plaintiff requested a transfer to a position that paid less than the position she currently held and that she subsequently asked to return to her previous position. After reasonable investigation, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the other averments in this paragraph.  Therefore, those averments are denied.

43.     The averments of this paragraph are denied.

44.     It is admitted that Defendant Holman told her that Judge Doerr would not approve moving her back to the Probation Office and, after she threatened litigation, Holman made the statement that she would have to sue the judge if she wanted her previous job back.  The other averments in this paragraph relating to Holman are denied.  No response is required to other averments of this paragraph as they are not directed to Defendants.

45.     No response is required to the averments of this paragraph as they are not directed to Defendants.

46.     In connection with the Release, it is admitted only that AOPC provided legal representation to the Court by way of negotiating with Plaintiff's lawyer and drafting the terms of the Release.  No response is required to the remaining averments of this paragraph as they are not directed at Defendants.

47.     It is admitted that Plaintiff was represented by legal counsel in discussions with AOPC.  No response is required to other averments of this paragraph as they are not directed to Defendants.

48.     No response is required to the averments of this paragraph as they are not directed to Defendants.  To the extent that any averment is directed at Defendants, after reasonable

investigation, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the averments in this paragraph. Therefore, those averments are denied.

49.     Admitted only that the referenced Release is a thing that speaks for itself. Plaintiff's attempts to characterize the Release are therefore denied.

50.     Admitted only that the referenced Release is a thing that speaks for itself. Plaintiff's attempts to characterize the Release are therefore denied. Any other averments in this paragraph are denied as legal conclusions.

51.     Admitted only that the referenced Release is a thing that speaks for itself. Plaintiff's attempts to characterize the Release are therefore denied. Any other averments in this paragraph are denied as legal conclusions.

52.     Admitted only that the referenced Release is a thing that speaks for itself. Plaintiff's attempts to characterize the Release are therefore denied. Any other averments in this paragraph are denied as legal conclusions or denied given that they are directed not to Defendants, but to the alleged conduct of Defendant Judge Doerr, who is separately represented.

53.     The averments of this paragraph are conclusions of law requiring no response.

54.     It is admitted that Plaintiff's counsel executed the release. The release is a document that speaks for itself. Any other averments of this paragraph are denied.

55.     It is admitted that Plaintiff was transferred in Domestic Relations and that Juvenile Probation was short an officer around that time. The remaining averments are denied.

56.     It is admitted only that Plaintiff was not treated differently on the basis of any protected characteristics; the facts or arguments of this paragraph that attempt to claim otherwise are denied.

57.     The averments of this paragraph are denied.

58.     The averments of this paragraph are denied.

59.     The averments of this paragraph are denied.

60.     It is admitted that Plaintiff submitted a Right-to-Know Law request.  All other averments of this paragraph are denied.

61.     It is denied that on-call or standby pay was available to all adult probation officers as stated by Plaintiff.  It is further denied that any officer who volunteered to assume such duties was put on a list.  The remaining averments of this paragraph are admitted.

62.     After reasonable investigation, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the averments in this paragraph. Therefore, these averments are denied.

63.     The averments of this paragraph are denied.

64.     After reasonable investigation, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the other averments in this paragraph. Therefore, those averments are denied.

65.     The averments of this paragraph are denied.

66.     The averments of this paragraph are denied.

67.     The averments of this paragraph are denied.

68.     The averments of this paragraph are denied.

69.     The averments of this paragraph are denied.

70.     The averments of this paragraph are denied.

71.     It is denied that the actions Plaintiff describes in this paragraph are a result of illegal discrimination, harassment or retaliation.  At no time did Defendants subject Plaintiff to any work situation that was in violation of law.

72.     No response is required to the averments of this paragraph as they are not directed to Defendants.

73.     No response is required to the averments of this paragraph as they are not directed to Defendants.

## COUNT I:
## STARNES V. COURT OF COMMON PLEAS OF BUTLER COUNTY
### Title VII

74.     The preceding answers are incorporated herein as if fully set forth.

75.     The averments of this paragraph are conclusions of law requiring no response.

76.     Admitted only that the charge is a thing that speaks for itself.  Plaintiff's attempts to characterize the charge are denied.

77.     The averments of this paragraph are denied.

78.     The averments of this paragraph are denied.

79.     The averments of this paragraph are conclusions of law requiring no response.

80.     It is admitted that Plaintiff has provided the EEOC with additional information.  It is denied that the information provided supports claims of discrimination, harassment and retaliation.

81.     The averments of this paragraph are conclusions of law requiring no response.

82.     The averments of this paragraph are denied.

83.     The averments of this paragraph are conclusions of law requiring no response.

## COUNT II:
## STARNES V. JUDGE DOERR
### 42 U.S.C. § 1983

84-100.  No response is required to the averments of these paragraphs as they are not directed to Defendants.

**COUNT III:**
**STARNES V. JUDGE DOERR AND TOM HOLMAN**
**42 U.S.C. § 1983**

101.    The preceding answers are incorporated herein as if fully set forth.

102.    The averments of this paragraph are denied.

103.    It is admitted that after she executed the release, Plaintiff was assigned to the
Domestic Relations Division of the Court, and that Defendant Holman had general supervisory
authority over the division.  The other averments of this paragraph are denied.

104.    The averments of this paragraph are denied.

105.    No response is required to the averments of this paragraph as they are not directed
to responding defendants.

106.    The averments of this paragraph are denied.

107.    The averments of this paragraph are denied.

**COUNT IV:**
**STARNES V. JUDGE DOERR AND TOM HOLMAN**
**42 U.S.C. § 1983**

108.    All of the responses set forth above are incorporated by reference as if fully set
forth in this particular Count.

109.    The averments of this paragraph are denied.

110.    The averments of this paragraph are admitted.

111.    After reasonable investigation, Defendants are without sufficient knowledge and
information to form a belief as to the truth or falsity of the averments regarding Plaintiff's
motivation for submitting various right to know requests.  Therefore, those averments are denied.
The other averments in this paragraph are denied.

112.    The averments of this paragraph are denied.

113.    It is admitted that Plaintiff was placed on a performance improvement plan in March 2016.  The other averments of this paragraph are denied.

114.    The averments of this paragraph are denied.

115.    The averments of this paragraph are denied.

116.    The averments of this paragraph are denied.

117.    The averments of this paragraph are denied.

**COUNT V:**
**STARNES V. COURT OF COMMON PLEAS OF BUTLER COUNTY**
**Title VII**

118.    The averments of this paragraph are denied, and all of the foregoing responses are incorporated by reference as if fully set forth in this Count.

119.    The averments of this paragraph are denied.

120.    It is admitted only that Starnes' job duties in Domestic Relations involved handling indirect criminal contempt violations.  The remaining averments are denied.

121.    It is denied that Starnes was not treated as an adult probation officer.  Starnes was an employee in Domestic Relations and had particular job duties as an adult probation officer under that division.  She was not in the Adult Probation section of the Community Corrections Department, nor were her duties similar to those of an officer working in the Adult Probation Section of the Community Corrections Department.  Her chain of command was under the Domestic Relations Division.

122.    The averments of this paragraph are denied.

123.    It is admitted that vacant positions in the Adult Probation Section of the Community Corrections Department came up from time to time.  The remaining averments of this paragraph are denied.

124.    The averments of this paragraph are denied.

125.    It is admitted that adult probation officers working in the Adult Probation Section of the Community Corrections Department had the opportunity to apply for openings because they worked in the Adult Probation Section.  The remaining averments of this paragraph are denied.

126.    The averments of this paragraph are denied.

127.    It is admitted that counsel communicated regarding whether Plaintiff could apply for open positions in Adult Probation.  The remaining averments of this paragraph are denied.

128.    It is admitted that Brad Cornibe retired.  Brad Cornibe handled Title IV(d) support order violations.  The remaining averments are denied.

129.    The averments of this paragraph are denied.

130.    The averments of this paragraph are denied.

131.    It is admitted that Starnes' various work issues were brought to the attention of then-Administrative Judge Marilyn Horan.  The remaining averments of this paragraph are denied.

132.    The averments of this paragraph are denied.

133.    It is only admitted that Starnes applied for Cornibe's position.  Any other arguments or averments in this paragraph are denied.

134.    It is admitted that Starnes was not selected for the position.  The remaining averments of this paragraph are denied.

135.    Admitted that another employee (male) was selected to fill the vacant position because that employee had superior qualifications as opposed to Plaintiff and the other candidates.  The remaining averments of this paragraph are denied.

136.    It is admitted that the individual received training in connection with the position. Any other averments or arguments in this paragraph are denied.

137.    The averments of this paragraph are denied.

138.    The averments of this paragraph are denied.

139.    The averments of this paragraph comprise conclusions of law to which no responsive pleading is required.  Any facts set forth herein are denied.

140.    The averments of this paragraph comprise conclusions of law to which no responsive pleading is required.  Any facts set forth herein are denied.

141.    The averments of this paragraph comprise conclusions of law to which no responsive pleading is required.  Any facts set forth herein are denied.

142.    The averments of this paragraph comprise conclusions of law to which no responsive pleading is required.  Any facts set forth herein are denied.

143.    The averments of this paragraph comprise conclusions of law to which no responsive pleading is required.  Any facts set forth herein are denied.

WHEREFORE, Defendants, the Butler County Court of Common Pleas and Tom Holman, respectfully request this Honorable Court dismiss Plaintiff's Fourth Amended Complaint.

## Second Defense

144.    Defendant Holman is entitled to qualified immunity because at all times material to this Fourth Amended Complaint he was carrying out his duties in a proper and lawful manner and in exercise of good faith.

**<u>Third Defense</u>**

145.    Plaintiff's claims are barred by the statute of limitations.

**<u>Fourth Defense</u>**

146.    Plaintiff's claims are barred by the release she executed.

**<u>Fifth Defense</u>**

147.    Plaintiff's claims are barred by applicable collective bargaining agreements and memorandum of understanding.

**<u>Sixth Defense</u>**

148.    Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims and further reserve the right to amend or otherwise supplement the instant pleading in accordance with facts obtained in discovery.

**<u>Seventh Defense</u>**

149.    Plaintiff fails to state a claim upon which relief can be granted.

**<u>Eighth Defense</u>**

150.    Plaintiff's claims are barred by failing to exhaust necessary claims before the Equal Employment Opportunity Commission.

**Ninth Defense**

151.    Plaintiff's claims are barred by failing to mitigate damages.

WHEREFORE, Defendants, the Butler County Court of Common Pleas and Tom

Holman, respectfully request this Honorable Court dismiss Plaintiff's Fourth Amended

Complaint.

Respectfully submitted,

**/s/Caroline Liebenguth**
CAROLINE LIEBENGUTH, ESQUIRE
Attorney I.D. No. PA37572
ROBERT J. KRANDEL, ESQUIRE
Attorney I.D. No. PA89485
***Counsel for Defendants***

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRYSTAL STARNES | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO.  17-CV-01304 |
| v. | : | |
| | : | |
| COURT OF COMMON PLEAS OF | : | |
| BUTLER COUNTY, 50th JUDICIAL | : | |
| DISTRICT; THOMAS DOERR, individually; | : | |
| and THOMAS HOLMAN, individually, | : | |
| | : | |
| | : | |
| *Defendants* | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 1, 2020 they personally caused to be served upon the following a true and correct copy of the foregoing *Answer to Plaintiff's Fourth Amended Complaint*, via the CM/ECF system to:

| | |
|---|---|
| Edward Olds, Esquire<br>1007 Mount Royal Boulevard<br>Pittsburgh, PA  15223<br>Email:  edolds@oldsruss.com | Jaimie George<br>1007 Mount Royal Boulevard<br>Pittsburgh, PA 15223<br>Email: jgeorge@oldsgeorgelaw.com |
| Thomas P. McGinnis<br>Thomas, Thomas & Hafer, LLP<br>525 William Penn Place<br>37th Floor, Suite 3750<br>Pittsburgh, PA 15219<br>tmcginnis@tthlaw.com | Karin M. Romano<br>Thomas, Thomas & Hafer<br>525 William Penn Place<br>37th Floor, Suite 3750<br>Pittsburgh, PA 15219<br>kgalbraith@tthlaw.com |
| Ronald T. Elliott<br>Dillon, McCandless, King, Coulter & Graham<br>128 West Cunningham Street<br>Butler, PA 16001<br>Email:  relliott@dmkcg.com | Thomas W. King , III<br>Dillon, McCandless, King, Coulter & Graham L.L.P.<br>128 West Cunningham Street<br>Butler, PA 16001<br>Email:  tking@dmkcg.com |

Respectfully submitted,

**/s/Caroline Liebenguth**
CAROLINE LIEBENGUTH, ESQUIRE
Attorney I.D. No. PA37572
ROBERT J. KRANDEL, ESQUIRE
Attorney I.D. No. PA89485
***Counsel for Defendants***