IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRYSTAL STARNES,

       Plaintiff,

       v.

COURT OF COMMON PLEAS OF BUTLER
COUNTY, 50th JUDICIAL DISTRICT;
THOMAS DOERR, individually; and
THOMAS HOLMAN, individually;

       Defendants.

Civil Action No.:  2:17-cv-01304-CB

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THOMAS DOERR TO FOURTH AMENDED COMPLAINT

Defendant Thomas Doerr ("Answering Defendant"), through undersigned counsel, respectfully submits the following Answer and Affirmative Defenses to the Fourth Amended Complaint:

1.      In response to the averments of Paragraph 1 of the Fourth Amended Complaint, it is admitted that this Court has subject matter jurisdiction over the claims therein asserted against Answering Defendant.  It is admitted that Plaintiff purports to assert claims of alleged discrimination against Answering Defendant.  It is denied that Answering Defendant engaged in any discrimination, retaliation, or any other unlawful conduct with respect to Plaintiff.

2.      In response to the averments of Paragraph 2 of the Fourth Amended Complaint, it is admitted that Plaintiff is an adult individual.  The remaining averments of Paragraph 2 are assumed to be true.

3.      The averments of Paragraph 3 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, such that no response is required of Answering Defendant.

4.	In response to the averments of Paragraph 4 of the Fourth Amended Complaint, it is admitted that Answering Defendant has served as a judge on the Court of Common Pleas of Butler County (hereinafter the "Court") for more than 25 years.  The remaining averments of Paragraph 4 are admitted to the extent that they are consistent with applicable law, and denied to the extent that they are inconsistent therewith.

5.	The averments of Paragraph 5 of the Fourth Amended Complaint are admitted in part, to the extent that Answering Defendant has served as the President Judge of the Court since 2000.  It is denied that Answering Defendant was "elected by his peers" to the position of President Judge; rather, the Court by law having a complement of fewer than seven judges (*see* 42 Pa.C.S. § 911), the office of President Judge is held by Answering Defendant as the judge with the longest continuous service on the Court.  *See* Pa. Const. art. V, § 10(d).  The averments of Paragraph 5 are otherwise denied as stated.  Although Answering Defendant, in his capacity as President Judge, has authority to administer the Court's day-to-day operations and to exercise supervisory authority over the Probation Office employees, at all relevant times, Answering Defendant has delegated such authority to the District Court Administrator for the Fiftieth Judicial District (Butler County) and to the head of the judicial district's Probation Office.

6.	The averments of Paragraph 6 of the Fourth Amended Complaint are admitted in part and denied in part.  To the extent that said averments purport to aver or imply that Answering Defendant acted under color of state law with respect to the few isolated instances of sexual contact with Plaintiff in the remote past, said averments are denied.  It is otherwise admitted that any and all actions by Answering Defendant were taken in the course and scope of his judicial and administrative duties with the Court, pursuant to his official authority as the President Judge of the Court.  To the extent that the averments of Paragraph 6 purport to aver or

imply that Answering Defendant engaged in any unlawful conduct with respect to Plaintiff, said averments are denied.

7.	The averments of Paragraph 7 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, such that no response is required of Answering Defendant.

8.	In response to the averments of Paragraph 8 of the Fourth Amended Complaint, Answering Defendant incorporates by reference his response to Paragraph 6 of the Fourth Amended Complaint. To the extent that the averments of Paragraph 8 purport to aver or imply that Answering Defendant engaged in any unlawful conduct with respect to Plaintiff, said averments are denied.

9.	The averments of Paragraph 9 of the Fourth Amended Complaint are admitted to the extent that Plaintiff was formerly employed by the Court, and that she began such employment in approximately August 2005.

10.	The averments of Paragraph 10 of the Fourth Amended Complaint are admitted.

11.	In response to the averments of Paragraph 11 of the Fourth Amended Complaint, it is admitted on information and belief that, at the time of the referenced party, Plaintiff was employed as a probation officer for Allegheny County. Defendant is otherwise without knowledge or information sufficient to admit or deny the averments of Paragraph 11.

12.	In response to the averments of Paragraph 12 of the Fourth Amended Complaint, it is admitted that Plaintiff and Answering Defendant conversed regarding probation-related topics at the referenced party. It is admitted that Answering Defendant was the President Judge of the Court at the referenced time and, in that capacity, possessed supervisory authority over the Court's operations; however, at all relevant times, Answering Defendant has delegated such

authority to the District Court Administrator and the Court's department heads, including with respect to hiring recommendations and decisions, on which Answering Defendant merely "signs off." To the extent that the averments of Paragraph 12 purport to aver or imply that Answering Defendant made any representations to Plaintiff that he would assist her in obtaining employment with the Court, said averments are denied.

13. The averments of Paragraph 13 of the Fourth Amended Complaint are admitted only to the extent that Plaintiff and Answering Defendant discussed probation-related topics at the referenced party. The averments are otherwise denied. To the contrary, Plaintiff acted flirtatiously toward Answering Defendant, including suggesting that he leave the party with her and inviting him to engage in a sexual encounter, which Answering Defendant declined. Additionally, Plaintiff volunteered her telephone number to Answering Defendant and suggested that he call her.

14. In response to the averments of Paragraph 14 of the Fourth Amended Complaint, it is denied that Answering Defendant contacted Plaintiff at any time prior to February 18, 2005, or that he ever insisted that they meet.

15. In response to the averments of Paragraph 15 of the Fourth Amended Complaint, it is denied as stated that Answering Defendant convinced Plaintiff to come to his chambers. It is admitted only that Answering Defendant telephoned Plaintiff on February 18, 2005, during which conversation Plaintiff initiated a meeting with him. Answering Defendant ultimately agreed to meet her at the courthouse that evening, after hours. It is denied that Plaintiff informed Answering Defendant that she had allegedly undergone a medical procedure or anesthesia that day, or that she was advised not to drive in relation thereto. Answering Defendant is otherwise

without knowledge or information sufficient to admit or deny the averments of Paragraph 15; accordingly, said averments are deemed to be denied.

16.     The averments of Paragraph 16 of the Fourth Amended Complaint are denied in part, and denied as stated in part.  It is denied that Plaintiff and Answering Defendant discussed whether Plaintiff could or should drive.   It is further denied that Answering Defendant "insistently summoned" Plaintiff to meet him, and denied that Plaintiff "succumbed."  To the contrary, Plaintiff initiated the idea of meeting when Answering Defendant telephoned her. While it is admitted that Answering Defendant met Plaintiff outside the courthouse and led her inside and that, on information and belief, no one was present in the courthouse at the time, it is denied that Answering Defendant "insisted" on having sexual intercourse with Plaintiff or that he "cajoled" her into doing so.   To the contrary, Plaintiff initiated a sexual encounter with Answering Defendant in the courthouse.  It is denied that said encounter was unwelcome or anything other than voluntary on Plaintiff's part.  Answering Defendant is without knowledge or information sufficient to admit or deny whether or not Plaintiff found the encounter "romantic." The averments of Paragraph 16 are otherwise denied.

17.     The averments of Paragraph 17 of the Fourth Amended Complaint are denied.  No discussion involving Plaintiff's potential employment with the Court occurred at any time during the referenced encounter.   It is further denied that Answering Defendant ever indicated to Plaintiff that he would attempt to assist her in obtaining employment with the Court.

18.     In response to the averments of Paragraph 18 of the Fourth Amended Complaint, it is denied that Answering Defendant had any contact with Plaintiff regarding potential employment with the Court at any time prior to her hire in August 2005.  Answering Defendant is without knowledge or information sufficient to admit or deny whether Michael Noyes, who

was the head of the adult and juvenile probation offices at the time, had any such contact with Plaintiff. To the extent that any such contact was made by Mr. Noyes, it is denied that the same occurred at the direction or suggestion of Answering Defendant. It is admitted that Plaintiff and Answering Defendant had no interactions of a sexual nature prior to Plaintiff being hired by the Court, other than the above-referenced single encounter initiated by Plaintiff on February 18, 2005.

19. In response to the averments of Paragraph 19 of the Fourth Amended Complaint, it is admitted that Plaintiff was hired by the court as a probation officer in August 2005, and was assigned to adult probation. It is denied that Answering Defendant controlled the hiring process, ensured that Plaintiff was hired, or was otherwise involved in her hiring, other than signing off on the same.

20. In response to the averments of Paragraph 20 of the Fourth Amended Complaint, it is admitted that Answering Defendant presided over juvenile court matters from 1997 through 2017. It is denied that Answering Defendant urged Plaintiff to seek a position in the Court's juvenile probation division. Answering Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff only wished to supervise adult probationers.

21. In response to the averments of Paragraph 21 of the Fourth Amended Complaint, it is admitted only that there were two instances of sexual contact between Plaintiff and Answering Defendant, both initiated by Plaintiff, after Plaintiff became employed by the Court, with one such instance occurring in the courthouse after hours. To the extent that the averment that Answering Defendant was Plaintiff's "boss" purports to aver or imply that he was her supervisor or that she reported to him, said averments are denied. The averments of Paragraph 21 are otherwise denied.

22.     The averments of Paragraph 22 of the Fourth Amended Complaint are denied.  To the contrary, all of the sexual contact between Plaintiff and Answering Defendant, consisting of one instance in February 2005 and two instances in 2006, were initiated by Plaintiff.  Answering Defendant is without knowledge or information sufficient to admit or deny the averments regarding Plaintiff's alleged subjective feelings regarding her remote past encounters with Answering Defendant.  To the extent that Plaintiff purports to aver or deny that she has been injured as a result of alleged unlawful conduct by Answering Defendant, any such averments are denied.

23.     The averments of Paragraph 23 of the Fourth Amended Complaint are denied.

24.     The averments of Paragraph 24 of the Fourth Amended Complaint are denied.  To the contrary, during Plaintiff's employment with the Court, there were only two instances of sexual contact between Plaintiff and Answering Defendant, both of which occurred in 2006, and both of which were initiated by Plaintiff.

25.     The averments of Paragraph 25 of the Fourth Amended Complaint are denied.

26.     The averments of Paragraph 26 of the Fourth Amended Complaint are denied.

27.     In response to the averments of Paragraph 27 of the Fourth Amended Complaint, Answering Defendant is without knowledge or information sufficient to admit or deny whether other Court employees shared pornography.  It is denied that Answering Defendant engaged in any such conduct, and denied that he directed the deletion of e-mail archives in relation to alleged pornography.

28.     The averments of Paragraph 28 of the Fourth Amended Complaint are denied.

29.     In response to the averments of Paragraph 29 of the Fourth Amended Complaint, it is denied that Plaintiff's hiring occurred in an unusual manner, or that Answering Defendant

had any involvement in the hiring decision other than as set forth hereinabove. It is further denied that Plaintiff had "access" to Answering Defendant with respect to employment-related matters. Although Plaintiff repeatedly attempted to make contact with Answering Defendant for such purposes, Answering Defendant referred such matters to her direct supervisors. The averments of Paragraph 29 are otherwise directed to parties other than Answering Defendant, such that no response is required of Answering Defendant.

30.     The averments of Paragraph 30 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, such that no response is required of Answering Defendant.

31.     In response to the averments of Paragraph 31 of the Fourth Amended Complaint, said averments are admitted only to the extent that Plaintiff, at times, appeared in Answering Defendant's courtroom in regard to routine matters within the scope of her duties. It is denied that Answering Defendant assigned Plaintiff such duties. All remaining averments of Paragraph 31 of the Fourth Amended Complaint are likewise denied. To the contrary, after Answering Defendant informed Plaintiff in December 2006 that he would have no further personal contact with her, Plaintiff continued to seek contact with him.

32.     The averments of Paragraph 32 of the Fourth Amended Complaint are denied. To the contrary, without Answering Defendant's knowledge or encouragement, Plaintiff signed up to be a Silpada jewelry sales representative under Answering Defendant's wife.

33.     In response to the averments of Paragraph 33 of the Fourth Amended Complaint, it is admitted that, in 2010, William Starnes, whom Plaintiff later married, was a probation officer employed by the Court. Answering Defendant is without knowledge or information sufficient to admit or deny when Plaintiff and Mr. Starnes began "dating." Plaintiff contacted

Answering Defendant in or around the fall of 2009 and informed Answering Defendant that she and Mr. Starnes were having an affair. It is admitted that, on a weekday afternoon of an unknown date, Answering Defendant saw Plaintiff and Mr. Starnes at a Lowe's store and, in a manner intended to be humorous, made a remark to the effect that either he and/or they had been "caught" leaving work early. The averments of Paragraph 33 are otherwise denied.

34. In response to the averments of Paragraph 34 of the Fourth Amended Complaint, it is admitted that Plaintiff and William Starnes married at some time during Plaintiff's employment with the Court, and that Mr. Starnes has retired from his former employment with the Court. Answering Defendant is without knowledge or information sufficient to admit or deny whether Mr. Starnes suffered from anxiety. It is denied that any such alleged condition was caused by any conduct on the part of Answering Defendant. The averments relating to the length of Mr. Starnes' employment and his use of paid leave prior to retiring are admitted to the extent that they are consistent with Mr. Starnes' personnel records with the Court, and they are denied to the extent that they are inconsistent therewith. The averments of Paragraph 34 are otherwise denied.

35. In response to the averments of Paragraph 35 of the Fourth Amended Complaint, Answering Defendant is without knowledge or information sufficient to admit or deny the averments regarding when Plaintiff became pregnant and regarding any alleged pregnancy-related conditions or problems she may have experienced. The averments of Paragraph 35 are otherwise denied. By way of further response, Answering Defendant had no involvement in the alleged reassignment decision.

36. In response to the averments of Paragraph 36 of the Fourth Amended Complaint, it is denied that Answering Defendant told Plaintiff that other judges described her performance

as excellent.  Answering Defendant is without knowledge or information regarding whether any judge had complained about Plaintiff's use of a standardized order or whether any judge suggested that she do otherwise.  The averments of Paragraph 36 are otherwise denied.

37.	In response to the averments of Paragraph 37 of the Fourth Amended Complaint, it is admitted on information and belief that Plaintiff went on pregnancy leave in or around September 2012, and that the referenced reassignment decision was made while she was on leave.  To the extent that the averments of Paragraph 37 purport to aver or imply that Answering Defendant unilaterally initiated or directed the referenced reassignment, said averments are denied.  It is further denied that Answering Defendant ever "forced" Plaintiff to be in his presence.  The averments relating to the duties of the referenced position are admitted to the extent that they are consistent with the job description in effect at the time for that position, and they are denied to the extent that they are inconsistent therewith.  It is admitted that Answering Defendant still handled juvenile matters in 2012, and continued to do so through 2017; however, most such matters were heard by a Juvenile Court Master, with only a small percentage heard by a judge.  It is admitted that, when Plaintiff held the position of juvenile probation officer, she appeared in Answering Defendant's courtroom at times; however, such occasions were infrequent and the proceedings were perfunctory and routine in nature.  The averments of Paragraph 37 are otherwise denied.

38.	In response to the averments of Paragraph 38 of the Fourth Amended Complaint, it is admitted that Plaintiff contacted Answering Defendant and stated that she did not wish to be reassigned to a position in juvenile probation.  It is denied that Answering Defendant was involved in the reassignment decision, and it is denied that the position involved frequent contact

with Answering Defendant. The remaining averments of Paragraph 38 of the Fourth Amended Complaint are denied.

39. In response to the averments of Paragraph 39 of the Fourth Amended Complaint, it is denied that Answering Defendant made the referenced statement. To the contrary, when Plaintiff contacted him stating that she did not wish to be reassigned, Answering Defendant told her that the reassignment had not been his decision, and that if she had an issue with it, she should speak with her immediate supervisor and/or the District Court Administrator. Answering Defendant is otherwise without knowledge or information sufficient to admit or deny the averments of Paragraph 39.

40. The averments of Paragraph 40 of the Fourth Amended Complaint are admitted only to the extent that Plaintiff, during the time that she held the juvenile probation officer position, appeared in Answering Defendant's courtroom on an infrequent basis, for perfunctory and routine proceedings. The averments of Paragraph 40 are otherwise denied. To the contrary, during such appearances, Answering Defendant treated Plaintiff in the same professional and respectful manner as he treats all other probation officers and other persons who appear in his courtroom.

41. In response to the averments of Paragraph 41 of the Fourth Amended Complaint, it is denied that Answering Defendant subjected Plaintiff to the alleged work environment described therein. It is further denied that Plaintiff's position as a juvenile probation officer required contact with Answering Defendant, other than the infrequent appearances in his courtroom referenced in the within response to Paragraph 40 of the Fourth Amended Complaint, which is incorporated herein by reference. It is denied that Answering Defendant discussed with

Plaintiff her alleged desire to leave juvenile probation, and it is denied that Answering Defendant arranged to have Plaintiff transferred to the domestic relations office.

42. In response to the averments of Paragraph 42 of the Fourth Amended Complaint, the averments regarding the alleged pay reduction are admitted to the extent that they are consistent with Plaintiff's personnel and payroll records, and they are denied to the extent that they are inconsistent therewith. It is admitted on information and belief that Plaintiff contacted the District Court Administrator and requested that she be returned to a position in probation.

43. In response to the averments of Paragraph 43 of the Fourth Amended Complaint, the Court's personnel policies are writings which speak for themselves. It is denied that the collective bargaining agreement applicable to probation officers contains any provision to the alleged effect. Answering Defendant is without knowledge or information sufficient to admit or deny what Plaintiff subjectively believed. By way of further response, the juvenile probation position Plaintiff had previously held had been eliminated upon her acceptance of the domestic relations position, such that there existed no vacant position to which she could be returned.

44. To the extent that the averments of Paragraph 44 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, no response is required of Answering Defendant. To the extent that the averments of Paragraph 44 are directed to Answering Defendant, it is denied that Answering Defendant informed Defendant Holman that he would not "allow" Plaintiff to return to her prior position. Rather, to the best of Answering Defendant's recollection, Answering Defendant indicated to Defendant Holman that the option did not exist for Plaintiff to return to her prior position, because that position had been eliminated by the County's Salary Board. It is denied that Answering Defendant stated that Plaintiff would "have to sue" him to get her prior position back. Rather, Answering Defendant indicated that

Plaintiff would need to address the matter through counsel for the Administrative Office of Pennsylvania Courts ("AOPC"). The averments of Paragraph 44 are otherwise denied.

45. The averments of Paragraph 45 of the Fourth Amended Complaint are denied. Although Plaintiff voluntarily entered into a general release which, among other things, foreclosed any claims she may have had against Answering Defendant, it is denied that Answering Defendant was involved in securing the release or that the release was a "pretext."

46. In response to the averments of Paragraph 46 of the Fourth Amended Complaint, Answering Defendant asserts the attorney-client privilege with regard to his communications, if any, with counsel for AOPC regarding matters relating to the release. To the extent that the averments of Paragraph 46 purport to aver or imply that Answering Defendant engaged in any unlawful conduct with respect to Plaintiff, said averments are denied. The averments of Paragraph 46 are admitted to the extent that Plaintiff, voluntarily and with the representation of her counsel, entered into a release which encompassed any claims she may have had against Answering Defendant at that time, and that the terms of the release included Plaintiff being reassigned to a position in probation. The averments of Paragraph 46 are otherwise denied.

47. In response to the averments of Paragraph 47 of the Fourth Amended Complaint, it is admitted that Plaintiff was represented by counsel with respect to the release. It is denied that Answering Defendant had a "personal emissary" or that he otherwise communicated with Plaintiff through a third person regarding the matters alleged in Paragraph 47 or otherwise. Answering Defendant is otherwise without knowledge or information sufficient to admit or deny the averments of Paragraph 47.

48. Answering Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 48 of the Fourth Amended Complaint. It is denied that Answering Defendant had any involvement in the alleged events.

49. In response to the averments of Paragraph 49 of the Fourth Amended Complaint, it is admitted that a release was negotiated by counsel for Plaintiff and counsel for the Court. It is denied that Answering Defendant set the terms thereof or was otherwise involved in the negotiation of same. The release is a writing which speaks for itself.

50. The averments of Paragraph 50 of the Fourth Amended Complaint are denied. By way of further response, the release is a writing which speaks for itself.

51. In response to the averments of Paragraph 51 of the Fourth Amended Complaint, it is admitted that Answering Defendant was elected to the office of judge of the Court and constitutionally holds the office of President Judge by virtue of his longevity on the Court relative to his judicial brethren. The averments of Paragraph 51 are otherwise denied to the extent that they purport to aver or imply that any claims Plaintiff may have had against him are not within the scope of the release. By way of further response, the release is a writing which speaks for itself.

52. The averments of Paragraph 52 of the Fourth Amended Complaint are denied.

53. The averments of Paragraph 53 of the Fourth Amended Complaint are denied.

54. In response to the averments of Paragraph 54 of the Fourth Amended Complaint, it is admitted that the release was executed by Plaintiff's counsel on behalf of Plaintiff. On information and belief, Plaintiff authorized her counsel to do so. It is admitted that, pursuant to the terms of the release, Plaintiff was assigned to a position as a probation officer in the Court's

domestic relations department. By way of further response, the release is a writing whose terms speak for themselves. The averments of Paragraph 54 are otherwise denied.

55. In response to the averments of Paragraph 55 of the Fourth Amended Complaint, it is admitted that, as a result of the release, Plaintiff was assigned to a position as a probation officer in the Court's domestic relations department. To the extent that the averments of Paragraph 55 purport to aver or imply that the duties and circumstances of said position are materially identical to those of the adult probation officers in other departments, said averments are denied. It is admitted that domestic relations probation officers supervise defendants who have pled guilty to or been convicted of violent offenses, including assault and violation of PFA orders. The averment that all domestic relations officers prior to Plaintiff have been male is admitted to the extent that it is consistent with the Court's personnel records, and denied to the extent that it is inconsistent therewith. To the extent Plaintiff thereby purports to aver or imply that she was treated differently than male officers, said averments are denied. Answering Defendant is without knowledge or information sufficient to admit or deny whether juvenile probation was "short" a probation officer during the referenced time period. The averments of Paragraph 55 relating to the reimbursement of Plaintiff's expenses are admitted to the extent that they are consistent with the Court's accounting records, and denied to the extent that they are inconsistent therewith.

56. In response to the averments of Paragraph 56 of the Fourth Amended Complaint, to the extent that said averments are directed to parties other than Answering Defendant, no response is required of Answering Defendant. To the extent that the averments are directed to Answering Defendant, it is denied that Answering Defendant had any involvement in Plaintiff's day-to-day work environment, and it is further denied that Answering Defendant engaged in any

unlawful conduct with respect to Plaintiff. Answering Defendant is otherwise without knowledge or information sufficient to admit or deny the averments of Paragraph 56.

57. In response to the averments of Paragraph 57 of the Fourth Amended Complaint, to the extent that said averments are directed to parties other than Answering Defendant, no response is required of Answering Defendant. To the extent that the averments are directed to Answering Defendant, it is denied that Answering Defendant imposed any restrictions specifically upon Plaintiff regarding the performance of her duties. By way of further response, except in extraordinary circumstances, the policy of the domestic relations department is that its probation officers do not conduct field visits because of the danger posed by the individuals they supervise, who generally have a history of violent behavior. It is admitted that the other probation officer in the domestic relations office at the referenced time was male. It is denied that the above-referenced general policy against field visits was not equally applicable to said officer. Rather, the field duty occasionally performed by said officer was the service of parole warrants, and, for safety reasons, said officer was required to be accompanied by another officer of his choosing when he did so. Answering Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff attended supervisors' meetings.

58. In response to the averments of Paragraph 58 of the Fourth Amended Complaint, to the extent that said averments are directed to parties other than Answering Defendant, no response is required of Answering Defendant. To the extent that the averments are directed to Answering Defendant, it is denied that Answering Defendant imposed any restrictions specifically upon Plaintiff regarding the performance of her duties. By way of further response, Answering Defendant incorporates herein by reference the above-stated response to Paragraph 57 of the Fourth Amended Complaint.

59.     The averments of Paragraph 59 of the Fourth Amended Complaint are denied.

60.     In response to the averments of Paragraph 60 of the Fourth Amended Complaint, it is denied that Answering Defendant singled out Plaintiff or otherwise engaged in any unlawful conduct toward her.  Answering Defendant is otherwise without knowledge or information sufficient to admit or deny the averments of Paragraph 60.

61.     The averments of Paragraph 61 of the Fourth Amended Complaint regarding Plaintiff's application for stand-by or on-call duty, and the alleged rejection thereof, are admitted to the extent that they are consistent with Court records, and they are denied to the extent that they are inconsistent therewith.  It is denied that such duty is available to probation officers in the domestic relations department.

62.     In response to the averments of Paragraph 62 of the Fourth Amended Complaint, Answering Defendant is without knowledge or information sufficient to admit or deny what Plaintiff subjectively believed.  It is denied that Answering Defendant engaged in any discriminatory, retaliatory, or other unlawful conduct with respect to Plaintiff.

63.     In response to the averments of Paragraph 63 of the Fourth Amended Complaint, it is denied that Answering Defendant created a policy regarding the eligibility of domestic relations officers for on-call duty after Plaintiff allegedly contacted the EEOC in February 2016. To the contrary, upon information and belief, Plaintiff was informed by the domestic relations department head on or about January 19, 2016, that there was no on-call duty in the domestic relations department.

64.     Answering Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 64 of the Fourth Amended Complaint.  To the extent that said

averments purport to aver or imply that Answering Defendant engaged in any unlawful conduct toward her, said averments are denied.

65.     Answering Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 65 of the Fourth Amended Complaint. To the extent that said averments purport to aver or imply that Answering Defendant engaged in any unlawful conduct with respect to Plaintiff, said averments are denied.

66.     The averments of Paragraph 66 of the Fourth Amended Complaint are admitted only to the extent that Plaintiff's supervisors placed her on a performance improvement plan dated March 4, 2016. It is denied that Answering Defendant directed or was otherwise involved in the preparation of same. Both the performance improvement plan and Plaintiff's January 2016 performance review are writings which speak for themselves. It is denied that the January 2016 performance review did not cite any areas in which improvement was needed. The remaining averments of Paragraph 66 are denied.

67.     The averments of Paragraph 67 of the Fourth Amended Complaint are denied. To the contrary, the policy that on-call duty is not available to probation officers in the domestic relations department existed prior to February 2016.

68.     In response to the averments of Paragraph 68 of the Fourth Amended Complaint, the referenced employee handbook is a writing which speaks for itself. It is denied that there was no policy that on-call duty is not available to probation officers in the domestic relations department prior to February 2016.

69.     The averments of Paragraph 69 of the Fourth Amended Complaint are denied.

70.     The averments of Paragraph 70 of the Fourth Amended Complaint are denied.

71. In response to the averments of Paragraph 71 of the Fourth Amended Complaint, it is denied that Plaintiff was prohibited from performing any field work or working any overtime. It is admitted that when there was a need for Plaintiff to perform duties in the field, she, like all other probation officers, was required to have a partner with her for safety reasons. It is denied that Answering Defendant engaged in or directed any differential treatment of Plaintiff in comparison to similarly situated male employees.

72. The averments of Paragraph 72 of the Fourth Amended Complaint are denied.

73. The averments of Paragraph 73 of the Fourth Amended Complaint are denied.

74. In response to the averments of Paragraph 74 of the Fourth Amended Complaint, Answering Defendant incorporates herein by reference the above-stated responses to Paragraphs 1 through 73 of the Fourth Amended Complaint.

75. The averments of Paragraph 75 of the Fourth Amended Complaint relate to a party other than Answering Defendant, such that no response is required of Answering Defendant.

76. The averments of Paragraph 76 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, such that no response is required of Answering Defendant.

77. In response to the averments of Paragraph 77 of the Fourth Amended Complaint, it is denied that Answering Defendant discriminated against Plaintiff. Answering Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff informed the EEOC of the few isolated instances of sexual contact between herself and Answering Defendant in the remote past. The averments of Paragraph 77 of the Fourth Amended Complaint are

otherwise directed to a party or parties other than Answering Defendant, such that no response is required of Answering Defendant.

78.     To the extent that the averments of Paragraph 78 of the Fourth Amended Complaint are directed to Answering Defendant, said averments are denied.

79.     To the extent that the averments of Paragraph 78 of the Fourth Amended Complaint are directed to Answering Defendant, said averments are denied.

80.     In response to the averments of Paragraph 80 of the Fourth Amended Complaint, Answering Defendant is without knowledge or information sufficient to admit or deny what information Plaintiff provided to the EEOC.  It is denied that Answering Defendant has engaged in any discriminatory, retaliatory, or other unlawful conduct with respect to Plaintiff.

81.     The averments of Paragraph 81 of the Fourth Amended Complaint relate to claims asserted solely against a party other than Answering Defendant, such that no response is required of Answering Defendant.

82.     To the extent that the averments of Paragraph 82 of the Fourth Amended Complaint are directed to Answering Defendant, said averments are denied.

83.     The averments of Paragraph 83 of the Fourth Amended Complaint relate to claims asserted solely against a party other than Answering Defendant, such that no response is required of Answering Defendant.

84.     In response to the averments of Paragraph 84 of the Fourth Amended Complaint, Answering Defendant incorporates herein by reference the above-stated responses to Paragraphs 1 through 83 of the Fourth Amended Complaint.

85.     The averments of Paragraph 85 of the Fourth Amended Complaint are denied.

86.     The averments of Paragraph 86 of the Fourth Amended Complaint are denied.

87.     The averments of Paragraph 87 of the Fourth Amended Complaint are denied.

88.     The averments of Paragraph 88 of the Fourth Amended Complaint are denied.

89.     In response to the averments of Paragraph 89 of the Fourth Amended Complaint, it is denied that Answering Defendant engaged in such alleged conduct with any employee, whether male or female, including Plaintiff.

90.     In response to the averments of Paragraph 90 of the Fourth Amended Complaint, it is denied as stated that Plaintiff ended any sexual contact with Answering Defendant almost eight years ago.  To the contrary, said contact, which consisted of two isolated instances during Plaintiff's employment with the Court, was ended by Answering Defendant in December 2006 – more than thirteen (13) years prior to the date on which this Answer is filed, and more than ten (10) years prior to the date on which Plaintiff commenced this action.   The averments of Paragraph 90 are otherwise denied.

91.     The averments of Paragraph 91 of the Fourth Amended Complaint are denied.

92.     The averments of Paragraph 92 of the Fourth Amended Complaint are denied.

93.     The averments of Paragraph 93 of the Fourth Amended Complaint are denied.

94.     The averments of Paragraph 94 of the Fourth Amended Complaint are denied.

95.     The averments of Paragraph 95 of the Fourth Amended Complaint are denied.

96.     The averments of Paragraph 96 of the Fourth Amended Complaint are denied.

97.     The averments of Paragraph 97 of the Fourth Amended Complaint are denied.

98.     The averments of Paragraph 98 of the Fourth Amended Complaint are denied.

99.     The averments of Paragraph 99 of the Fourth Amended Complaint are denied.

100.    The averments of Paragraph 100 of the Fourth Amended Complaint are denied.

101.     In response to the averments of Paragraph 101 of the Fourth Amended Complaint, Answering Defendant incorporates herein by reference the above-stated responses to Paragraphs 1 through 100 of the Fourth Amended Complaint.

102.     The averments of Paragraph 102 of the Fourth Amended Complaint are denied.

103.     In response to the averments of Paragraph 103 of the Fourth Amended Complaint, it is admitted that Plaintiff was assigned to the domestic relations department after the release was executed, that Answering Defendant was the President Judge of the Court, and that Answering Defendant presided over family court through the fall of 2017.  To the extent that the averments of Paragraph 103 purport to aver or imply that Answering Defendant made or directed decisions relating to Plaintiff's employment, said averments are denied.   While Answering Defendant, in his capacity as President Judge, could exercise supervisory authority over Court employees, he delegated such authority to the heads of each department.   To the extent that the averments of Paragraph 103 are directed to a party other than Answering Defendant, no response is required of Answering Defendant.

104.     The averments of Paragraph 104 of the Fourth Amended Complaint are denied.

105.     In response to the averments of Paragraph 105 of the Fourth Amended Complaint, Answering Defendant incorporates herein by reference the above-stated responses to Paragraphs 57, 58, 61, and 63 of the Fourth Amended Complaint.  It is denied that Answering Defendant subjected Plaintiff to any acts of discrimination.

106.     The averments of Paragraph 106 of the Fourth Amended Complaint are denied.

107.     The averments of Paragraph 107 of the Fourth Amended Complaint are denied.

108. In response to the averments of Paragraph 108 of the Fourth Amended Complaint, Answering Defendant incorporates herein by reference the above-stated responses to Paragraphs 1 through 107 of the Fourth Amended Complaint.

109. The averments of Paragraph 109 of the Fourth Amended Complaint are denied.

110. The averments of Paragraph 110 of the Fourth Amended Complaint are admitted to the extent that they are consistent with the Court's records of such requests, and denied to the extent that they are inconsistent with the same. By way of further response, on-call duty is not available to probation officers in the Court's domestic relations office.

111. In response to the averments of Paragraph 111 of the Fourth Amended Complaint, it is denied that Answering Defendant discriminated against Plaintiff or otherwise acted unlawfully. The averments regarding Plaintiff's alleged submission of Right-to-Know Law requests and regarding the content thereof are admitted to the extent that they are consistent with the Court's records of the same, and denied to the extent that they are inconsistent therewith. The averments of Paragraph 111 are otherwise directed to a party or parties other than Answering Defendant, such that no response is required of Answering Defendant.

112. To the extent that the averments of Paragraph 112 of the Fourth Amended Complaint purport to aver or imply that Plaintiff advised Answering Defendant as alleged, said averments are denied. Answering Defendant is without knowledge or information sufficient to admit or deny what, if anything, Plaintiff may have told any other person regarding her alleged intent. It is denied that Answering Defendant discriminated against Plaintiff or otherwise acted unlawfully.

113. The averments of Paragraph 113 of the Fourth Amended Complaint are denied.

114. The averments of Paragraph 114 of the Fourth Amended Complaint are denied.

115.    The averments of Paragraph 115 of the Fourth Amended Complaint are denied.

116.    The averments of Paragraph 116 of the Fourth Amended Complaint are denied.

117.    The averments of Paragraph 117 of the Fourth Amended Complaint are denied.

118.    In response to the averments of Paragraph 118 of the Fourth Amended Complaint, Answering Defendant incorporates herein by reference the above-stated responses to Paragraphs 1 through 117 of the Fourth Amended Complaint.

119.    In response to the averments of Paragraph 119 of the Fourth Amended Complaint, it is denied that Answering Defendant discriminated or retaliated against Plaintiff, subjected her to a hostile work environment, compelled her to engage in sexual relations, or otherwise acted unlawfully toward Plaintiff.

120.    The averments of Paragraph 120 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

121.    The averments of Paragraph 121 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

122.    The averments of Paragraph 122 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To

the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

123.    The averments of Paragraph 123 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

124.    The averments of Paragraph 124 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

125.    The averments of Paragraph 125 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

126.    The averments of Paragraph 126 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

127.    The averments of Paragraph 127 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

128.    The averments of Paragraph 128 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

129.    The averments of Paragraph 129 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

130.    The averments of Paragraph 130 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

131.    The averments of Paragraph 131 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To

the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

132. The averments of Paragraph 132 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

133. The averments of Paragraph 133 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

134. The averments of Paragraph 134 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

135. The averments of Paragraph 135 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

136.     The averments of Paragraph 136 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

137.     The averments of Paragraph 137 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

138.     The averments of Paragraph 138 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.   As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

139.     The averments of Paragraph 139 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

140.     The averments of Paragraph 140 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant.  As such, no response is required of Answering Defendant.  To

the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

141. The averments of Paragraph 141 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

142. The averments of Paragraph 142 of the Fourth Amended Complaint are directed to a party other than Answering Defendant, and involve claims asserted solely against a party other than Answering Defendant. As such, no response is required of Answering Defendant. To the extent that a response may be required, it is denied that Answering Defendant subjected Plaintiff to any discrimination, retaliation, harassment, or other unlawful conduct.

143. To the extent that the averments of Paragraph 143 of the Fourth Amended Complaint are directed to Answering Defendant, said averments are denied.

144. Any averment set forth in the Fourth Amended Complaint which is not specifically admitted above is hereby denied.

**FIRST AFFIRMATIVE DEFENSE**

145. The Fourth Amended Complaint fails to state any claim against Answering Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

146. Plaintiff's claims against Answering Defendant are barred in whole or in part by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

147.    Plaintiff's claims against Answering Defendant are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

148.    Plaintiff's claims against Answering Defendant relating to any and all alleged conduct that occurred on or before May 12, 2014, are barred pursuant to the Settlement Agreement and Release entered into by Plaintiff and the Court on or about said date.

### FIFTH AFFIRMATIVE DEFENSE

149.    Answering Defendant did not violate any clearly established federal right possessed by Plaintiff, and he is therefore entitled to qualified immunity with respect to all claims asserted against him by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

150.    Plaintiff's claims against Answering Defendant are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

151.    All alleged contact between Plaintiff and Answering Defendant was entirely voluntary, welcome, and consensual on Plaintiff's part.

### EIGHTH AFFIRMATIVE DEFENSE

152.    Answering Defendant did not have personal involvement in the alleged employment actions involving Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

153.    Plaintiff did not engage in constitutionally protected activity.

## <u>TENTH AFFIRMATIVE DEFENSE</u>

154.    Plaintiff's claims against Answering Defendant are barred and/or limited to the extent that the evidence developed in discovery demonstrates that she failed to mitigate her alleged damages.


Respectfully submitted,

THOMAS, THOMAS & HAFER LLP


By: s/ *Thomas P. McGinnis*
        Thomas P. McGinnis, Esquire
        Pa. ID # 46666
        Karin M. Romano, Esquire
        Pa. ID # 92068

        525 William Penn Place, Suite 3750
        Pittsburgh, PA  15219
        (412) 697-7403
        tmcginnis@tthlaw.com
        kromano@tthlaw.com

        Counsel for Defendant, Thomas Doerr